**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MICHAEL EDGING,

    Plaintiff(s),

vs.

C. R. BARD, INC. and BARD PERIPHPERAL VASCULAR, INC.

    Defendant(s).

Case #2:21-cv-00322-RFB-BNW

**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**

FILING FEE IS $250.00

_____Casey Shpall_____, Petitioner, respectfully represents to the Court:
(name of petitioner)

1. That Petitioner is an attorney at law and a member of the law firm of

    Greenberg Traurig, LLP
    (firm name)

with offices at    1144 15th Street, Suite 3300
    (street address)

Denver, Colorado, 80202
(city) (state) (zip code)

303-572-6500, shpallc@gtlaw.com
(area code + telephone number) (Email address)

2. That Petitioner has been retained personally or as a member of the law firm by

C. R. Bard, Inc., Bard Peripheral Vascular, Inc. to provide legal representation in connection with
[client(s)]

the above-entitled case now pending before this Court.

Rev. 5/16

3. That since <u>October 26, 1981</u>, Petitioner has been and presently is a
(date)
member in good standing of the bar of the highest Court of the State of <u>Colorado</u>
(state)
where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing. See Exhibit A.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| United States Supreme Court | January 14, 2000 | |
| U.S. Court of Appeals for District of Columbia | March 13, 1981 | |
| U.S. Court of Appeals for the Tenth Circuit | April 21, 1982 | |
| U.S. Court of Appeals for the Ninth Circuit | December 2, 1982 | |
| United States District Court, District of Colorado | October 28, 1981 | |
| State of Colorado | October 16, 1981 | 11538 |
| | | |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

None

2

Rev. 5/16

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

None

7. That Petitioner is a member of good standing in the following Bar Associations.

None

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| See Exhibit B | | | |
| | | | |
| See Exhibit C | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

Rev. 5/16

1  That Petitioner respectfully prays that Petitioner be admitted to practice before this Court
2  FOR THE PURPOSES OF THIS CASE ONLY.

_____
Petitioner's signature

STATE OF ____Colorado____ )
                          )
COUNTY OF ____Denver____  )

____Casey Shpall____, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

__23rd__ day of __March__, __2021__.

MELISSA HOPE WATKINS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074022558
MY COMMISSION EXPIRES JULY 25, 2023

_____
Notary Public or Clerk of Court

**DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO
THE BAR OF THIS COURT AND CONSENT THERETO.**

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate ____Eric W. Swanis____,
(name of local counsel)
Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

____Greenberg Traurig, LLP, 10845 Griffith Peak Drive, Suite 600____,
(street address)

____Las Vegas____, ____Nevada____, ____89135____,
(city)           (state)         (zip code)

____702-792-3773____, ____swanise@gtlaw.com____.
(area code + telephone number)   (Email address)

4

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

**APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL**

The undersigned party(ies) appoint(s) _____Eric W. Swanis_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

/s/ Candace Camarata
(party's signature)

Candace Camarata, Associate General Counsel, Litigation
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

**CONSENT OF DESIGNEE**
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

Designated Resident Nevada Counsel's signature

6840                          swanise@gtlaw.com
Bar number                    Email address

**APPROVED:**

DATED this 25th day of March, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge

5

Rev. 5/16

# EXHIBIT A



# SUPREME COURT
## State of Colorado,

**STATE OF COLORADO, ss:**

I, **Cheryl Stevens**, Clerk of the Supreme Court of the State of Colorado, do hereby certify that

**CASEY SHPALL**

has been duly licensed and admitted to practice as an

ATTORNEY AND COUNSELOR AT LAW

within this State; and that his/her name appears upon the Roll of Attorneys and Counselors at Law in my office of date the **26th** day of **October** A.D. **1981** and that at the date hereof the said **CASEY SHPALL** is in good standing at this Bar.



**IN WITNESS WHEREOF**, I have hereunto subscribed my name and affixed the Seal of said Supreme Court, at Denver, in said State, this **23rd** day of **March** A.D. **2021**

*Cheryl Stevens*
                                                                     Clerk

By _____
                                                              Deputy Clerk



# Certificate of Good Standing
## and
# No Disciplinary History

United States District Court
District of Colorado

I, Jeffrey P. Colwell, Clerk of the United States District Court
DO HEREBY CERTIFY

**CASEY ANN SHPALL**

was admitted to practice in this court on
October 28, 1981
and is in good standing with no disciplinary history.

Dated: March 18, 2021

_____
Jeffrey P. Colwell, Clerk

# EXHIBIT B

# EXHIBIT B

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## Casey Shpall's Previously Filed
## Petitions for Permission to Practice in This Case Only by
## Attorney Not Admitted to the Bar of This Court

| CASE NAME/STATUS | CASE # | DATE FILED/GRANTED [DOC NO.] |
|---|---|---|
| Perry v. C. R. Bard, Inc., et al. | 2:19-cv-01570-APG-BNW | Filed 10/4/19 [15]; Granted 10/7/19 [18] |
| Smith v. C. R. Bard, Inc., et al. Dismissed w/o Prejudice (3/11/2020) | 2:19-cv-01576-RFB-BNW | Filed 10/4/19 [13]; Granted 10/31/19 [18] |
| Singer v. C. R. Bard, Inc., et al. | 2:19-cv-01579-JCM-BNW | Filed 10/4/19 [11]; Granted 10/9/19 [13] |
| Giambra v. C. R. Bard, Inc., et al. | 2:19-cv-01580-APG-BNW | Filed 10/4/19 [16]; Granted 10/7/19 [18] |
| Rogers v. C. R. Bard, Inc., et al. | 2:19-cv-01581-APG-BNW | Filed 10/4/19 [14]; Granted 10/7/19 [17] |
| Hammes v. C. R. Bard, Inc., et al. Dismissed w/o Prejudice (3/11/2020) | 2:19-cv-01588-RFB -BNW | Filed 10/4/19 [15]; Granted 10/9/19 [17] |
| Kunkle v. C. R. Bard, Inc., et al. Dismissed w/o Prejudice (2/5/2020) | 2:19-cv-01871-APG-BNW | Filed 11/15/19 [16]; Granted 11/15/19 [18] |
| Collins v. C. R. Bard, Inc., et al. | 2:19-cv-01864-RFB-BNW | Filed 11/15/19 [11]; Granted 11/25/19 [18] |
| Christensen v. C. R. Bard, Inc., et al. | 2:19-cv-01883-RFB-BNW | Filed 11/15/19 [14]; Granted 11/25/19 [20] |
| Wilson-Davis v. C.R. Bard, Inc. Dismissed w/o Prejudice (2/7/2020) | 2:19-cv-01881-JCM-BNW | Filed 11/15/19 [9]; Granted 11/22/19 [13] |
| Torres v. C.  R. Bard, Inc., et al. | 2:19-cv-01582-KJD-BNW | Filed 10/4/19 [14]; Granted 11/13/19 [19] |
| Derrico v. C. R. Bard, Inc., et al. | 3:20-cv-00246-MMD-BNW | Filed 07/20/20 [36]; Granted 7/21/20 [37] |
| Gita v. C. R. Bard, Inc., et al. Dismissed with Prejudice (1/12/2021) | 3:20-cv-00252-MMD-BNW | Filed 07/20/20 [31]; Granted 7/21/20 [32] |
| McCown v. C. R. Bard, Inc., et al. | 2:20-cv-00603-RFB-BNW | Filed 07/20/20 [30]; Granted 7/22/20 [31] |
| Harris v. C. R. Bard, Inc., et al. Dismissed with Prejudice (2/8/2021) | 2:20-cv-00612-JCM-BNW | Filed 07/20/20 [24]; Granted 7/27/21 [25] |
| Lynch v. C. R. Bard, Inc., et al. Dismissed with Prejudice (1/14/2021) | 2:20-cv-00616-KJD-BNW | Filed 07/20/20 [26]; Granted 7/22/20 [27] |

# EXHIBIT C

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL EDGING,<br><br>                 Plaintiffs,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                 Defendants. | CASE NO. #2:21-cv-00322-RFB-BNW<br><br>**AFFIDAVIT IN SUPPORT OF VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL** |

STATE OF COLORADO  )
                             )  ss:
COUNTY OF DENVER  )

    I, CASEY SHPALL, being first duly sworn upon my oath, depose and state as follows:

    1.    I file this Affidavit pursuant to Local Rule IA 11-2(f)(2). I am an attorney with the law firm of Greenberg Traurig, LLP ("GT"). GT was retained by Defendants. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants" or "Bard") to provide them legal representation for the many cases remanded to this District, and hundreds of others remanded in other states, from the Multi-District Litigation proceeding styled *In re: Bard IVC Filter Litigation*, No. 2:15-MD-02641-DGC, pending before Senior Judge David Campbell of the District of Arizona (the "MDL").

    To date, there have been five rounds of remands from the District of Arizona MDL to various federal district courts, including Nevada. More remands are expected in the future. In the fifth round of remands, seven cases were remanded to this District. I am requesting permission to practice in three of these recently remanded cases.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

2. I am a member in good standing of the State Bar of Colorado, where I regularly practice law. I am also admitted to practice before the United States District Court for the District of Colorado, several U.S. Circuit Courts of Appeal, and the U.S. Supreme Court. *See* Verified Petition, No. 4.

3. I am co-counsel in this action and several of the other MDL remands to this Court with Eric W. Swanis, who is a member of the State Bar of Nevada and a GT shareholder who resides and practices law in Nevada.

4. Due to the number and timing of the MDL remands to this Court, I have filed numerous applications to practice *pro hac vice* before this Court under Local Rule IA 11-2. I have identified all actions in which I have filed *pro hac vice* applications to appear as counsel during the past three years. *See* Verified Petition, Exhibit B. All these actions are remands from the MDL.

5. My firm has extensive experience in medical device products liability actions and represents Bard in remands of IVC filter litigation across the country. I also have had extensive interactions with client representatives concerning the facts underlying this matter and am familiar with the facts and client-specific legal strategies pertinent to this litigation.

6. The granting of my Verified Petition serves the ends of justice by ensuring that the interests of Bard are thoroughly represented by the persons most knowledgeable about the litigation.

7. I therefore submit this Affidavit to establish special circumstances and good cause to permit Bard to be defended in this matter by its counsel of choice. In my judgment, Bard would be deprived of these benefits if I were unable to represent it in this litigation.

8.     For all foregoing reasons, there are special circumstances and good cause that warrant the granting of my Verified Petition.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 23rd day of March 2021.

*Casey Shpall*
CASEY SHPALL, ESQ.

SUBSCRIBED AND SWORN to before me this 23rd day of March, 2021.

*[signature]*
Notary Public or Clerk of Court

MELISSA HOPE WATKINS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074022558
MY COMMISSION EXPIRES JULY 25, 2023

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002