ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GLENN MEIER, ESQ.
Nevada Bar No. 6059
CHRISTIAN SPAULDING, ESQ.
Nevada Bar No. 14277
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:   (702) 792-3773
Facsimile:   (702) 792-9002
Email: swanise@gtlaw.com
          meierg@gtlaw.com
          spauldingc@gtlaw.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| MICHAEL EDGING, | CASE NO. 2:21-cv-00322-RFB-BNW |
|---|---|
| Plaintiff, | **DEFENDANTS' INDIVIDUAL PROPOSED DISCOVERY PLAN & SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b) SPECIAL SCHEDULING REVIEW REQUESTED** |
| v. | |
| C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | |
| Defendants. | |

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard" or "Defendants") ("Plaintiff and Bard are collectively referred to herein as "the Parties"), by and through their undersigned counsel, and pursuant to the Local Rules of Civil Procedure for the District of Nevada, hereby submit the following Individual Proposed Discovery Plan and Scheduling Order.

/ / /

/ / /

1

*ACTIVE 62011820v2*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1    **1.    STATEMENT OF REASONS FOR SPECIAL SCHEDULING REVIEW REQUEST UNDER**
2    **LR 26-1.**

3    This is a complex products liability action involving the Plaintiff's treatment with an

4    inferior vena cava filter that was designed, manufactured, and sold by the Defendants. An

5    inferior vena cava filter is a prescription medical device that is implanted into a patient's

6    inferior vena cava, which is the largest vein in the body. The filter is designed to prevent large

7    blood clots from traveling from the lower extremities to the heart and lungs where they can

8    be fatal. Plaintiff contends that on August 13, 2009, Plaintiff had a Bard G2® inferior vena

9    cava filter (the "Bard Filter") implanted in his inferior vena cava. Plaintiff alleges the Bard

10   Filter has caused him injuries and damages. Plaintiff has asserted various state law claims

11   against Defendants for strict products liability, negligent design, negligent manufacture,

12   negligent failure to recall/retrofit, negligent failure to warn, negligent misrepresentation,

13   negligence per se, breach of express and implied warranties, fraudulent misrepresentation,

14   fraudulent concealment, consumer fraud and deceptive trade practices, and punitive damages.

15   Defendants deny the allegations contained in the Complaint and assert that the Bard

16   Filter is a life saving device cleared by the FDA as being safe and effective that was placed

17   in Plaintiff in conjunction with orthopedic procedure. Defendants deny that the Bard Filter

18   was defectively designed or manufactured and that the Bard Filter was otherwise in an unsafe

19   condition. Defendants further deny that they failed to warn Plaintiff's implanting physician

20   of the risks associated with the implant procedure, that they were negligent, or that they

21   breached any express or implied warranties. Defendants also deny that they in any way caused

22   or contributed to Plaintiff's alleged injuries asserted in this matter and further assert

23   intervening and alternative causes as defenses. Defendants allege that there are no facts

24   support a finding of fraudulent misrepresentation or concealment or any violation of consumer

25   fraud and deceptive practices. Likewise, Defendants deny that they engaged in any willful

26   misconduct, malice, fraud, wantonness, oppression, or entire want of care, which would raise

27   the presumption of conscious indifference to consequences.

28

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*ACTIVE 62011820v2*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1    This case was part of a Multi-District Litigation proceeding called *In re: Bard IVC*

2  *Filters Product Liability Litigation*, 2:15-md-02641, which is pending before Senior Judge

3  David Campbell of the District of Arizona (the "MDL"). After more than four years, the

4  completion of general issue/generic discovery, and conducting three bellwether trials, Judge

5  Campbell ordered cases that have not settled or are not close to settling be transferred to the

6  appropriate jurisdictions around the country for case-specific discovery, workup, and eventual

7  trial.

8    This case was remanded back to this Court on February 25, 2021.[ECF 9 and 10]. The

9  MDL Court's *Amended Suggestion of Remand and Transfer Order (Fifth)* ("Remand Order")

10 contains a comprehensive description of the history of the MDL, the claims and defenses

11 asserted by the parties, various case management orders entered in the MDL, the status of

12 general common fact and expert discovery conducted in the MDL, summaries of the

13 bellwether cases, and the Court's rulings on various matters common to all cases. *See* Remand

14 Order [ECF 8].

15    The Plaintiff's claims against Defendants and Defendants' defenses are inextricably

16 tied to the Plaintiff's medical condition. At this time, Defendants contend that they do not

17 know enough information about the Plaintiff's medical history to promptly settle or resolve

18 the case.

19    Case-specific discovery that was conducted before or during the time it was a part of

20 MDL was minimal and limited to the submission of basic plaintiff and defense profile forms

21 and limited plaintiff medical records. Consequently, the Parties will need to accomplish all

22 case-specific fact discovery on remand. Defendants anticipate that case-specific discovery

23 will include the collection of comprehensive medical records and the need to take depositions

24 of numerous fact-specific witnesses, including the Plaintiff; treating medical providers,

25 including physician(s) who implanted, removed or attempted to remove the Bard Filter at

26 issue, if applicable and necessary; and other witnesses who have relevant information about

27 the Plaintiff's alleged claims.

28  ///

3

2.     **ISSUES IN DISPUTE**

At this time, there are no discovery disputes to bring to the Court's attention. In the event a dispute arises, the Parties will seek Court intervention, as necessary.

3.     **CONFERENCE TIMING.**

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. first appeared in this matter when local counsel, Eric Swanis, entered his appearance on March 8, 2021. The case was stayed pending negotiations of a settlement, which negotiations were unsuccessful. [ECF 20].  Following the expiration of the stay, counsel for Defendants attempted to confer with Plaintiffs' counsel regarding a scheduling order and discovery plan but received no response. On December 10, 2021, counsel for Defendants submitted to Plaintiff's counsel, via email, a Proposed Scheduling Order and Discovery Plan containing the information set forth herein. Defendants also submitted to Plaintiff's counsel a Proposed Protective Order similar to the MDL protective order previously used in other IVC Filter cases.   Having received no response, on December 15, 2021, counsel for Defendants attempted to reach Plaintiff's counsel by telephone and left a voicemail.  Following the voicemail, counsel for Defendants sent an email to Plaintiff's counsel following up on the Proposed Scheduling Order and Discovery Plan but again received no response.  Despite Defendants' efforts, Plaintiff's counsel has not returned any communication.  As such, Defendants respectfully submit the following Individual Proposed Scheduling Order and Discovery Plan.

4.     **DISCOVERY PLAN**

a.     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

As noted above, Defendants attempted to obtain Plaintiff's stipulation to the scheduling order and discovery plan set forth herein as well as a proposed stipulated protective order which contains provisions similar to the MDL protective orders but received no response.  Given the indisputable need for a protective order and the fact that Plaintiff did not respond to Defendants' requests, Defendants will file, in conjunction with this Proposed

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Scheduling Order, a Motion for Protective Order to preserve the confidentiality of certain documents and information at issue.  As such, Defendants propose the Parties exchange Rule 26(a) disclosures subject to the Defendants' proposed protective order no later than January 25, 2022.

Moreover, Defendants propose that Plaintiff include in his initial disclosures a list of medical providers for the period ten (10) years prior to implant of the filter to the present, *i.e.* from August 1999 to present, and to include execution by Plaintiff of standard medical and other records release authorizations, for a period of ten (10) years preceding the date of implant.

**b.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

General liability fact and expert discovery was completed in the MDL and is now closed. The only remaining discovery is case-specific. The Remand Order repeatedly makes clear that the time for general discovery is over: "courts receiving these cases need not be concerned with facilitating general fact discovery on remand or transfer." [ECF 8 at 9]; *see also id.* at 3 ("The primary purposes of this MDL – coordinated pretrial discovery and resolution of common issues – have been fulfilled. All common fact and expert discovery has been completed.").  The subjects of discovery going forward will focus on Plaintiff's medical history and treatment, as well as case-specific causation, which Defendants deny.

In particular, the collection of medical and other records is a key part of case-specific discovery.  In order to expedite records collection in this case, Defendants propose the Parties use the joint records collection process utilized in the MDL.  Defendants propose the Parties use The Marker Group as their joint records collection vendor to collect any medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records for Plaintiff from third-parties designated as custodians for such records by Plaintiff or Defendants.  Plaintiff will need to provide various signed authorizations to Defendants permitting them to collect these records.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

The medical record collection process alone typically takes at least three months **and the timing of this process is beyond the Parties' control**. Moreover, given the COVID-19 pandemic, it is anticipated that this effort will take longer than the typical three months as facilities and businesses temporarily close, allow employees to work from home, experience staffing shortages or as medical facilities have directed their staff to focus only on activities concerning patient care in anticipation of an increased demand for services.

Only after records have been collected can Defendants analyze and summarize Plaintiff's medical history; retain experts; conduct depositions, including Plaintiff, his spouse and/or other close family members, the implanter of the Bard Filter, the explanter of the Bard Filter, if any, other medical providers, Plaintiff's treating physicians, additional fact witnesses identified in Plaintiff's Rule 26(a)(1) initial disclosures and supplements thereto and additional fact witnesses identified in discovery.

Finally, the Parties will likely retain case-specific experts, who will need to review the relevant documents and testimony, formulate opinions, generate reports, and sit for depositions.

Defendants propose that case-specific fact and expert discovery should be phased, such that fact discovery concludes before expert disclosures and depositions take place.  In light of the necessary trial work-up required as referenced above, timing for sensitive records collection through a third-Party vendor which is beyond the Parties' control, and the complexity of this case, Defendants submit that the following schedule is necessary to allow for adequate time for detailed-case specific discovery and pretrial practice in this complex products liability case.  Defendants also request that a trial date not be set any earlier than December 2022 to allow for the completion of discovery and resolution of the expected dispositive motions. Defendants expect this case to take twenty (20) trial days.

/ / /

/ / /

/ / /

/ / /

ACTIVE 62011820v2

Defendants propose the following schedule for case-specific fact and expert discovery:

| PROPOSED DATE | DEADLINE |
|---|---|
| January 25, 2022 | The Parties shall exchange Rule 26(a) Initial Disclosures. The Plaintiff shall produce a list of medical providers for the period of time from five years before placement of the Bard Filter at issue in the case to the present. The Plaintiff shall complete, date, execute, and produce the standard medical and other records release authorization forms, some of which are attached as **Exhibit A**. |
| February 22, 2022 | Plaintiff shall produce the completed Plaintiff Fact Sheet ("PFS") and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as **Exhibit B**. |
| April 1, 2022 | Defendants shall produce the Defendant Fact Sheet ("DFS") and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as **Exhibit C**. |
| May 9, 2022 | The Parties shall join other parties and amend the pleadings. |
| November 11, 2022 | Case-specific fact discovery closes. |
| December 23, 2022 | The Plaintiff shall produce case-specific expert reports. |
| February 3, 2023 | The Defendants shall produce case-specific expert reports. |
| March 16, 2023 | The Plaintiff shall produce any case-specific rebuttal expert reports. |
| April 25, 2023 | The Defendants shall produce any rebuttal expert reports. |
| June 6, 2023 | Deadline to depose the Plaintiff's case-specific experts about their case-specific reports. |
| July 18, 2023 | Deadline to depose the Defendants' case-specific experts about their case-specific reports. |
| September 19, 2023 | Deadline to file Daubert motions and other dispositive motions. |

c.   **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

All fact and expert discovery concerning general liability issues was completed in the MDL.  More than 1.5 million Bard documents and transcripts of more than 150 corporate

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

witness depositions were produced.  Document productions in the MDL contained significant confidential, privileged, and patient information.  To expedite production, the documents were produced after, in large part, a "no-eyes-on" review.  The documents therefore were produced pursuant to the terms of multiple protective orders entered by the MDL court preventing their disclosure.  The documents produced in the MDL are available to the Parties, and Defendants propose utilizing the MDL discovery on generic liability issues in this action.

    **d.**    **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Claims of privilege and an order under Federal Rule of Evidence 502 are accounted for in the Proposed Protective Order.

    **e.**    **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Defendants propose use of the Plaintiff Fact Sheet ("PFS") and Defendant Fact Sheet ("DFS") forms utilized in the MDL 2641 in lieu of traditional discovery mechanisms. *See,* Attachments B and C.  Defendants propose the terms incorporated into the PFS and DFS forms and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Fact Sheets. Defendants propose that any additional case-specific written discovery such as Interrogatories or Request for Production will be limited and targeted to the specific facts of this case.  Defendants anticipate that using Fact Sheets will expedite the fact-discovery process.

    **f.**    **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The MDL Court entered numerous orders and adhering to these orders here is appropriate and would promote efficiency and judicial economy.  In the Remand Order, the MDL Court recognized that "[t]he Court has made many rulings in this MDL that could affect

8

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

the remanded and transferred cases." [ECF 8 at 16].  As such, to assist the courts that receive the transferred cases, the MDL Court provided a "summary of the key legal and evidentiary rulings." *Id.* at 16.  *See id.* at 16–30.  The Remand Order also provides a list of all Case Management Orders, discovery orders, and other significant rulings relevant to cases on remand, which list includes general descriptions of the subject matter of such orders. [ECF 8 at 77–87].  Defendants refer the Court to this section of the Remand Order. Defendants propose that the Parties generally abide by the Case Management Orders in the MDL, including but not limited to those Case Management Orders that have been incorporated into the Proposed Protective Order.

**5.**    **ALTERNATIVE DISPUTE RESOLUTION.**

Despite Defendants' efforts to confer, the Parties have not conferred about using alternative dispute resolution.

**6.**    **ALTERNATIVE FORMS OF CASE DISPOSITION.**

Despite Defendants' efforts to confer, the Parties certify they have conferred about trial by a magistrate judge under 28 U.S.C § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

9

1

**7.    ELECTRONIC EVIDENCE.**

2

Despite Defendants' efforts to confer, the Parties have not discussed whether they

3

intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

4

No stipulations have been reached by the Parties in this regard to-date.

5

6

Dated: January 14, 2022          **GREENBERG TRAURIG, LLP**

7

8                                By:    _/s/ Eric W. Swanis_

ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840

9

GLENN MEIER, ESQ.
Nevada Bar No. 6059

10

CHRISTIAN SPAULDING, ESQ.
Nevada Bar No. 14277

11

10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

12

13

*Counsel for Defendants*

14

15

16

17

18

19

20

21

22                                    **ORDER**

IT IS ORDERED that ECF No. 21 is DENIED without
prejudice. The parties may seek up to a year between

23

now and when dispositive motions are due, though they
may seek extensions as necessary.

24

25

**IT IS SO ORDERED**

**DATED**: 1:54 pm, January 21, 2022

26

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

27

28

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:   (702) 792-9002

*ACTIVE 62011820v2*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 14, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service, and I hereby certify that I caused to have mailed by United States Postal Service the foregoing document to the following non-ECF participants:

Grant L. Davis
Shawn Gayland Foster
DAVIS BETHUNE JONES, LLC
City Center Square, Suite 2930
1100 Main St.
Kansas City MO 64105

gdavis@dbjlaw.net
sfoster@dbjlaw.net

*/s/ Shermielynn Irasga*

An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*ACTIVE 62011820v2*